FILED
2020 Jan-08 PM 01:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **ROBIN DODSON SMITH,** | ) |
| **Claimant,** | ) ) ) |
| vs. | ) ) Civil Action No. 4:19-cv-112-CLS ) |
| **ANDREW SAUL, Commissioner, Social Security Administration,** | ) ) ) |
| **Defendant.** | ) ) ) |

# MEMORANDUM OPINION

Claimant, Robin Dodson Smith, commenced this action pursuant to 42 U.S.C. § 405(g) on January 18, 2019, seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability and disability insurance benefits. Upon review of the record and briefs, and for the reasons stated herein, the court remands this case to the Commissioner.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See, e.g., Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

Claimant's alleged disability began on February 1, 2009, and she last met the insured status requirements of the Social Security Act on December 31, 2011.[1] The ALJ found that claimant suffered from severe impairments of degenerative disc disease, osteoarthritis, and chronic obstructive pulmonary insufficiency (CPI), but concluded that she, nevertheless, was capable of performing light work, with limitations including occasionally climbing ramps and stairs, along with the need to avoid hazards or odors, dusts, fumes, chemicals, and other pulmonary irritants.[2]

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts the following arguments:

> 1. The ALJ failed to find claimant disabled pursuant to Grid 202.04 based on her advanced age of 55 and limitation to light work.
>
> 2. The ALJ failed to consider that plaintiff's condition of idiopathic pulmonary fibrosis is on the Compassionate Allowance List, and entitled to special consideration.
>
> 3. ALJ failed to properly determine the date of disability pursuant to Social Security Ruling 83-20, finding only that she was not disabled prior to December 31, 2011, the date last insured.
>
> 4. The ALJ improperly drew adverse inferences from lack of medical treatment.

---

[1] Tr. 42-49.
[2] Tr. 45.

2

5. The ALJ failed to give consideration to Claimant's excellent work history in assessing the testimony of Claimant.

6. The finding that Claimant can perform her past work, as of the date last insured, is not supported by substantial evidence, and is not in accordance with proper legal standards.

7. The ALJ denial was not based on substantial evidence.

Doc. no. 7, at 2.

The court notes at the outset of discussion that this is an insured benefit case under Title II,[3] and that the claimant's claim for disability is limited to the insured benefit period of February 1, 2009 (the date of alleged onset) to December 31, 2011 (the date on which claimant was last insured). The claimant, now 61 years of age, was 55 years old upon the date she was last insured. Her past relevant work is as a preschool teacher/helper, robotic welder, and kindergarten teacher/aid.[4] In addition, her social security earnings are consistent without any significant non-earning periods back to the year 1991 through her date of last insured of December 31, 2011. There are no medical opinions regarding the claimant's functional capacity and limitations during the insured period.[5] Claimant's medical records during the insured period are sparse, but they frame a picture of an individual suffering from severe abdominal and back pain. Her abdominal and lower-back pains stem from acute urinary tract

---

[3] 42 U.S.C. § 401 *et seq.*
[4] Tr. 48.
[5] *Id.*

infections and bladder issues.[6] Her other back pain is associated with osteoporosis and a compression fracture of the thoracic vertebrae at T-7.[7] Claimant filed her initial application for disability benefits on September 23, 2015, but the case was not heard by the ALJ until June 19, 2017.

Claimant's first assertion is that the ALJ failed to use the Medical Vocational Guidelines, otherwise known as the "grids,"[8] to determine that claimant was disabled. The problem with this argument, as correctly argued by the Commissioner, is that the grids are not used until step five of the sequential process, and only then upon a finding that a claimant cannot perform her past relevant work. Since the ALJ found that the claimant could perform her past relevant work, this argument is without merit in this case. *See* 20 C.F.R. pt. 404, subpt. P, app. 2 § 200.00(a) (which provides that the grid rules apply only when a disability prevents claimant from performing his or

---

[6] Tr. 656-662.

[7] Tr. 999.

[8] In *Phillips v. Barnhart*, 357 F.3d 1232 (11th Cir. 2004), the Eleventh Circuit explained that
>Social Security regulations currently contain a special section called the Medical Vocational Guidelines. C.F.R. pt. 404 subpt. P, app. 2. The Medical Vocational Guidelines ("grids") provide applicants with an alternate path to qualify for disability benefits when their impairments do not meet the requirements of the listed qualifying impairments. The grids provide for adjudicators to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each of these factors can independently limit the number of jobs realistically available to an individual. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled.

*Id.* at 1239-40.

4

her past relevant work). *See also*, *e.g., Phillips v. Barnhart*, 357 F.3d 1232, 1239–40 (11th Cir. 2004).

Claimant's second and third arguments are also without merit. The second essentially for claimant's failure to make a cogent argument in her brief, and the third is addressed below. The ALJ found claimant's conditions of anemia, urinary tract infections ("UTI"), dysuria, cystitis, and gastroesophageal reflux disease ("GERD") as non-severe impairments.[9] However, as a combination, those impairments produced considerable pain and fatigue during the insured period.[10] Beginning in 2012,[11] claimant began to experience issues with her lungs and was later diagnosed with idiopathic pulmonary fibrosis ("IPF"): a disease that causes a thickening of the lungs. In 2016, she underwent a double lung transplant as a result of this disease. Even though, there is no known cause of IPF, the American Lung Association lists viral infections and GERD as prominent risk factors.[12] While it appears that certain factors and symptoms associated with IPF were present during the insured period, such a determination would require an evaluation by a medical expert. Claimant argues that Social Security Regulation ("SSR") 83-20 necessitates a medical examination to

---

[9] Tr. 45.
[10] Tr. 656-662 and 948-956.
[11] Tr. 295.
[12] https://www.lung.org/lung-health-and-diseases/lung-disease-lookup/pulmonary-fibrosis/introduction/types-causes-and-risk-factors.html.

5

determine disability onset[13] and that the ALJ erred in not ordering one in this case. However, the Eleventh Circuit has held that SSR 83-20 provides for determination of a disability onset only when there has been a finding of disability, which is not the case here. *Klanwinski v. Commissioner of Social Security*, 391 Fed. App'x. 772, 775-776 (11th Cir. 2010).

In arguments four thru six, claimant essentially contends that the ALJ erred in determining that she could perform her past relevant work. The ALJ determined that claimant's residual functional capacity ("RFC") was limited to the performance of a reduced range of light work, and that claimant was capable of performing her past relevant work: i.e., that of teacher's aide or daycare provider.[14] In making that determination, the ALJ found that claimant's statements about the intensity, persistence, and limiting effects of her symptoms (her fatigue and pain) were inconsistent with her testimony about her activities of caring for her grandchildren and of daily living.[15] The initial burden of proof in a social security case is upon the claimant to

> prove his [or her] inability, due to physical or mental impairment, to perform his [or her] previous work. . . In determining whether the

---

[13] SSR 83-20, provides, in pertinent part, that "[i]n addition to determining that an individual is disabled, the decision maker must also establish the onset date of disability. In many claims, the onset date is critical; it may affect the period for which the individual can be paid and may even be determinative of whether the individual is entitled to or eligible for any benefits."

[14] Tr. 45.

[15] Tr. 47.

claimant has satisfied this initial burden, the examiner [ALJ] is guided by four factors: (1) objective medical facts or clinical findings; (2) diagnoses of examining physicians; (3) *subjective evidence of pain and disability, e.g., the testimony of the claimant and his [or her] family*; and (4) the claimant's age, education, and work history.

*Tieniber v. Heckler*, 720 F.2d at 1251, 1253 (11th Cir. 1983), (citations omitted, emphasis added and alterations supplied).

Upon closer review of claimant's testimony, however, her statements are not inconsistent with the medical records or her stated activities. For instance, claimant did not state that she left work to simply take care of her grandchildren, but that she instead left her most recent employment in 2009 because of back pain.[16] She characterized her back pain as "on and off," to the degree that she was having pain two or three times a week.[17] As for her activities of daily living, claimant did not state or appear to claim that she was independent with regard to these activities; instead she simply stated that she performed them on days when she felt "good," and that when she didn't feel good her daughter and husband would assist her.[18] She also testified that she had to recline, lie down, and rest for two to three hours during a work day. None of her testimony is inconsistent with either her medical evidence during the relevant period, or with her stated activities. Further, claimant's testimony concerning

---

[16] Tr. 291.
[17] Tr. 294.
[18] Tr. 296.

7

her back issues is consistent with the affidavit of her employer, Bobbie Davis, who states that accommodations were made to claimant's job duties due to her back condition.[19]

In sum, the claimant presented sufficient testimony and medical evidence that her pain during the insured period caused her considerable trouble sitting and standing, and that she had to lie down for two to three hours during a work day. As shown, the testimonial inconsistencies between the findings of fact and claimant's actual hearing testimony essentially ignored claimant's complaints of pain in the evaluation of her residual functional capacity ("RFC"). This failure is evident in the ALJ's first hypothetical question, as presented to the vocational expert, where there is no mention of claimant's work capacity with any limitations due to pain.[20] Certainly, credibility determinations of subjective complaints of pain are within the province of the ALJ, but they must be based upon substantial evidence, such as, actual inconsistencies in a claimant's actions or testimony or medical evidence, and none are present in this case. *Mitchell v. Commissioner, Social Security Administration.*, 771 F.3d 780, 782 (11th Cir. 2014). The ALJ simply failed to properly evaluate claimant's complaints of pain and, therefore, a reversal is required. *See, e.g.*, *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir.1991); *Cooper v. Commissioner of Social Security*, 521

---

[19] Tr. 458.
[20] Tr. 305.

F. App'x 803, 807 (11th Cir. 2013).

Accordingly, this matter is due to be remanded for the ALJ to properly evaluate the claimant's complaints of pain when determining whether she could perform her past relevant work during the insured period. Based upon the foregoing, it is not necessary to address the claimant's remaining arguments. A separate order will be entered contemporaneously herewith.

**DONE** this 8th day of January, 2020.

*/s/ Lynwood Smith*
Senior United States District Judge